IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10100
Summary Calendar

_____

LAURIE ABDELJALIL, on behalf of Marcus Walker, on behalf of
Sarah Walker, on behalf of Khaled Kasem Abdeljalil, on
behalf of Kasem Mahmoud Abdeljalil, Individually and as
Natural Parent and Next Friend of Marcus Walker, a Minor and
Sarah Walker, a Minor, and as the Administratrix and
Personal Representative of the Estate of Khaled Kasem
Abdeljalil, Deceased, and Kasem Mahmoud Abdeljalil,

                                             Plaintiff,

JIMMIE A. FRANKLIN,

                                             Appellant,

versus

THE CITY OF FORT WORTH; TAMMY RACHALL, In her Individual and
Official Capacity; SHIRLEY WALKER, In her Individual and
Official Capacity,

                                             Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-342-A
- - - - - - - - - - -
September 11, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges

PER CURIAM:[*]

    Jimmie Franklin, attorney for plaintiffs, appeals from the

district court's order imposing a $500 sanction pursuant to FED. R.

CIV. P. 11(b).  We review a Rule 11 sanction order for an abuse of

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

discretion.  <u>See</u> <u>Thomas v. Capital Sec. Servs., Inc.</u>, 836 F.2d 866, 872 (5th Cir. 1988)(en banc).  A very deferential standard of review is used because "the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11."  <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 402 (1990).

The district court imposed the instant Rule 11 sanction because it held that the claims filed against defendant Tammy Rachall were without substance.  After review of the record and briefs, we hold that, in light of the deferential standard of review, the district court did not abuse its discretion in imposing the instant sanction against Franklin.

Accordingly, the district court's imposition of a $500 sanction against Franklin is AFFIRMED.